IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| **Diane Roberts**, <br><br> Plaintiff <br><br> v. <br><br> **Coliant Solutions, Inc., Mark Beard, and John Does 1 through 5, Individually, Jointly and Severally**, <br><br> Defendants | Civil Action No.: 2:21-cv-57-KS-MTP <br><br> **Notice of Removal** |

**PLEASE TAKE NOTICE** that Defendant, Coliant Solutions, Inc. (sometimes "Defendant"), by and through counsel, has removed Civil Action No. 18CI1:20-cv-00132 from the Circuit Court of Forrest County, Mississippi, to the United States District Court for the Southern District of Mississippi, Eastern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this removal, Defendant shows the following:

**I.   Civil Action Removed**

1. On September 30, 2020, Plaintiff Diane Roberts ("Plaintiff") filed a Complaint in state court following an alleged incident that occurred on October 1, 2017 in Petal, Forrest County, Mississippi. In the Complaint, Plaintiff asserts negligence claims against Defendants, Coliant Solutions, Inc., Mark Beard, and John Does 1 through 5, as a result of injuries she sustained when a security camera system allegedly fell on her head as she was exiting her place of employment, located at Walmart Store #887 ("Walmart") in Petal, Mississippi. Plaintiff's primary allegations

1

are that either Walmart or Coliant Solutions, Inc. failed to maintain the premises in a reasonably safe condition, thereby directly and proximately causing her to sustain the injuries and damages asserted in the Complaint. This state-court action is styled, *Diane Roberts v. Coliant Solutions, Inc., Mark Beard, and John Does 1 through 5, Individually, Jointly and Severally*, and is filed in the Circuit Court of Forrest County, Mississippi, bearing Civil Action No. 18CI1:20-cv-00132. A true and correct copy of the certified record of state-court proceedings is attached hereto as **Exhibit A**. Certified copies of the Summonses and the Complaint are provided therein. *See* **Ex. A.**

## II.  Timeliness of Removal

2.  Plaintiff served this Defendant with the Summons and Complaint on October 9, 2020. As the amount in controversy for federal subject-matter jurisdiction was not facially apparent from Plaintiff's Complaint, Defendant answered the Complaint and propounded requests for admission to Plaintiff regarding the amount in controversy. On April 2, 2021, Plaintiff served her responses to Defendant's requests for admission. A copy of the Notice of Service of Plaintiff's Responses is attached as **Exhibit B**. A copy of Plaintiff's Responses is attached as **Exhibit C**.

3.  In her Responses, Plaintiff admits she is seeking damages exceeding $75,000, exclusive of interest and costs, in this case. **Ex. C.** Plaintiff also admits she will ask a judge or jury for damages in excess of $75,000, exclusive of interest and costs, should this case go to trial. **Ex. C**. Moreover, Plaintiff admits that in the event of a verdict in excess of $75,000, exclusive of interest and costs, she will execute on any portion of the judgment that exceeds $75,000, exclusive of interest and costs. **Ex. C.** Finally, Plaintiff denies that in the event of a verdict in excess of $75,000, exclusive of interest and costs, she will agree any such judgment will not be satisfied and canceled upon payment of $75,000. **Ex. C.**

4.  The statute governing the procedure for removing civil actions provides as follows:

> [I]f the case stated by the initial pleading is not removable, a notice of removal

> may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may be first ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added). Moreover, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed [$75,000], information relating to the amount in controversy . . . in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." § 1446(c)(3)(A). Courts have consistently held a defendant's removal to be timely if it occurs within thirty (30) days after receiving a plaintiff's responses to requests for admission whereby the defendant first discovers that the amount in controversy exceeds $75,000. *See Church v. Nationwide Ins. Co.*, No. 3:10-cv-00636-CWR-LRA, 2011 U.S. Dist. LEXIS 58956, at *10-11 (S.D. Miss. May 26, 2011) (holding that defendant's removal was timely when made within thirty days after plaintiff responded to requests for admission and denied that amount in controversy was less than $75,000); *Johnson v. Value Place Franchises Servs., LLC*, No. 3:09-cv-121 HTW-LRA, 2010 U.S. Dist. LEXIS 44161, at *5-7 (S.D. Miss. Apr. 20, 2010) (holding that defendants' removal was timely when notice of removal was served within thirty days of plaintiff serving her responses to requests for admission and admitting that she was seeking damages exceeding $75,000); *Reed v. Flores*, No. 1:09CV84-SA-JAD, 2009 U.S. Dist. LEXIS 105175, at *6 (N.D. Miss. Nov. 10, 2009) (holding that notice of removal was timely because defendants could first ascertain that plaintiff sought over $75,000 in damages when they received plaintiff's response to their request for admission).

5. Defendant could first ascertain that Plaintiff sought over $75,000 from it when Plaintiff served her Responses to Defendant's Requests for Admission on April 2, 2021. Pursuant to the authorities mentioned above, this removal is timely because it has been made within thirty (30)

days of receiving Plaintiff's Responses in which Plaintiff unequivocally establishes that the amount in controversy exceeds $75,000.

### III. Amount in Controversy

6. As stated above, Plaintiff has unequivocally made clear that the amount in controversy exceeds $75,000. **Ex. C.** This conclusively establishes the amount in controversy required for federal subject-matter jurisdiction. *See Fortune v. XFit Brands, Inc.,* 2018 U.S. Dist. LEXIS 204893, at *6 (S.D. Miss. Dec. 4, 2018) (explaining that requests for admissions may be used to establish amount in controversy where plaintiff denied request to admit that he was seeking less than $75,000); *McLain v. Am. Int'l Recovery*, 1 F. Supp. 2d 628, 631 (S.D. Miss. 1998) (plaintiff's discovery response denying that his damages do not exceed $75,000 "will constitute 'other paper' that affirmatively shows that the jurisdictional amount may be satisfied").

### IV. Diversity of Citizenship

7. According to the Complaint, Plaintiff is an adult resident citizen of Forrest County, Mississippi. *See* Complaint, attached as **Ex. A**, ¶ 1. Defendant Coliant Solutions, Inc. is a foreign corporation incorporated under the laws of Georgia with its principal place of business located in Buford, Georgia. Further, Defendant Mark Beard is an adult resident citizen of Cullman, Cullman County, Alabama. However, according to court records, Beard has not been served with process and is not required to join in this removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 540-41 (1939). As John Does 1 through 5 have not been identified as of the time of filing this Notice of Removal, their citizenship cannot be considered at this time. Therefore, in accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship in this case.

### V. Venue

8. Venue properly rests with this Court pursuant to 28 U.S.C. § 1441(a), as this case is being removed from the Circuit Court of Forrest County, Mississippi.

### VI. Notice to State Court

9. Defendant will immediately file a true and correct copy of this Notice of Removal with the Circuit Court of Pearl River County, Mississippi. In accordance with 28 U.S.C. § 1446(d), no further proceedings shall be had in the state court unless and until the matter is remanded.

### VII. Notice to the Plaintiff

10. Consistent with 28 U.S.C. § 1446(d) and as indicated in the attached Certificate of Service, Plaintiff is being provided with a copy of this Notice of Removal.

**WHEREFORE,** Defendant requests this Court to proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Forrest County, Mississippi, be hereby stayed.

Respectfully submitted, this the 19th day of April, 2021.

COLIANT SOLUTIONS, INC.

s/H. Wesley Williams, III
H. Wesley Williams, III

OF COUNSEL:

H. Wesley Williams, III
MS Bar No. 9320
M. Evans Henry
MS Bar No. 105119
Markow Walker, PA
Post Office Box 13669
Jackson, MS 39236-3669
Telephone: 601-853-1911
Facsimile: 601-853-8284
E-mail: wwilliams@markowwalker.com
E-mail: ehenry@markowwalker.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Pleading was this day forwarded to all counsel of record by depositing a copy of same via:

- ☐ United States Mail
- ☐ Certified Mail
- ☐ Facsimile
- ☐ Hand Delivery
- ☐ Email
- ☒ Overnight Mail
- ☒ ECF System

THIS the <u>19th</u> day of <u>April</u>, 2021.

s/H. Wesley Williams, III<br>
H. Wesley Williams, III