IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI


DIANE ROBERTS                                                                    PLAINTIFF

VS                                                               CAUSE NO. 20-132

COLIANT SOLUTIONS, INC.                                                          DEFENDANT


I, GWEN WILKS, CLERK OF THE CIRCUIT COURT, IN AND FOR THE COUNTY OF
FORREST, STATE OF MISSISSIPPI, DO HEREBY CERTIFY THAT THIS IS A TRUE COPY
OF ALL DOCUMENTS FILED IN THE ABOVE STYLED CASE.

GIVEN UNDER MY HAND AND OFFICIAL SEAL OF OFFICE IN THE CITY OF
HATTIESBURG, FORREST COUNTY, MISSISSIPPI, ON THIS THE _____ DAY OF
_____, 2018.

                                        GWEN WILKS, CIRCUIT CLERK

                                BY: _Kayla LaBove_ D.C.





**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Case: 18CI1:20-cv-~~~~   Document~~~   Filed 01/~~/2020   Page 1 of 2

**FILED**

**SEP 30 2020**

This area to be completed by clerk    Case Number if filed prior to 1/1/94

Mississippi Supreme Court          Form AOC/01
Administrative Office of Courts    (Rev 2009)

| Court Identification Docket # | | |
|---|---|---|
| County # | Judicial District | Court ID (CH, CI, CO) |
| Month | Date | Year |

Docket Number

Local Docket ID

In the **CIRCUIT**    Court of **FORREST**    **FORREST COUNTY CIRCUIT CLERK** Judicial District

**Origin of Suit (Place an "X" in one box only)**

[X] Initial Filing   [ ] Reinstated   [ ] Foreign Judgment Enrolled   [ ] Transfer from Other court   [ ] Other
[ ] Remanded   [ ] Reopened   [ ] Joining Suit/Action   [ ] Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual **Roberts** (Last Name)   **Diane** (First Name)   Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) If Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

Address of Plaintiff **28 Harris Drive, Petal, MS  39465**

Attorney (Name & Address)  **Willie T. Abston, P.O. Box 320727, Flowood, MS 39232**    MS Bar No. **9935**

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: _____

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual _____ (Last Name)   (First Name)   Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business  **Coliant Solutions Inc., Registered Agent: Corporation Serv Co.7716 Old Canton Rd. Suite C. Madison. MS 39110**
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

Attorney (Name & Address) - If Known    MS Bar No.

**Damages Sought:**  Compensatory $ _____   Punitive $ _____   Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion Minor | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other | **Torts** |
| [ ] Termination of Parental Rights | [ ] Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other | [ ] Guardianship | [ ] Installment Contract | [ ] Loss of Consortium |
| **Appeals** | [ ] Heirship | [ ] Insurance | [ ] Malpractice - Legal |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Specific Performance | [ ] Malpractice - Medical |
| [ ] County Court | [ ] Minor's Settlement | [ ] Other | [ ] Mass Tort |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | **Statutes/Rules** | [X] Negligence - General |
| [ ] Justice Court | [ ] Name Change | [ ] Bond Validation | [ ] Negligence - Motor Vehicle |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Civil Forfeiture | [ ] Product Liability |
| [ ] Worker's Compensation | [ ] Will Contest | [ ] Declaratory Judgment | [ ] Subrogation |
| [ ] Other | | [ ] Injunction or Restraining Order | [ ] Wrongful Death |

Case: 18CI1:20-cv-00132   Document #: 7   Filed: 09/24/2020   Page 2 of 2

## IN THE CIRCUIT _____ COURT OF FORREST _____ COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No. _____ - _____ _____   Docket No. If Filed
　　　　　　File Yr　　　Chronological No.　　　Clerk's Local ID　　　Prior to 1/1/94 _____

### DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

Individual: _____ _____ ( _____ ) ___ _____
　　　　　　Last Name　　　First Name　　　Maiden Name, if Applicable　　Middle Init.　Jr/Sr/II/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

Business Mark Beard, owner of Another Helper Security Service, 97 County Road 1471, Cullman, AL 35055
　　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) If Business Defendant is being sued in the name of an entity other than the name above, and enter below:

　　D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #3:**

Individual: _____ _____ ( _____ ) ___ _____
　　　　　　Last Name　　　First Name　　　Maiden Name, if Applicable　　Middle Init.　Jr/Sr/II/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

Business JOHN DOES 1-5 INDIVIDUALLY, JOINTLY AND SEVERALLY
　　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

　　D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #4:**

Individual: _____ _____ ( _____ ) ___ _____
　　　　　　Last Name　　　First Name　　　Maiden Name, if Applicable　　Middle Init.　Jr/Sr/II/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

Business _____
　　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

　　D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

FILED

**DIANE ROBERTS**                                                                    **PLAINTIFF**

SEP 3 0 2020

**V.**                                                          CIVIL ACTION NO. 20-132

FORREST COUNTY CIRCUIT CLERK
**COLIANT SOLUTIONS, INC.,**
**MARK BEARD,**
**AND JOHN DOES 1 THROUGH 5,**
**INDIVIDUALLY, JOINTLY and SEVERALLY**                                   **DEFENDANTS**

## COMPLAINT
## PLAINTIFF REQUESTS TRIAL BY JURY

COMES NOW Plaintiff, Diane Roberts, and through his attorney, Willie T. Abston, files

this Complaint for damages against Defendants, Wal-Mart Stores, Inc., Coliant Solutions, Inc.

and John Does and for cause would show unto this Court the following, *to wit*:

### JURISDICTION AND VENUE

1.     Plaintiff, Diane Roberts is an adult resident citizen of Forrest County, Mississippi.

2.     Defendant Coliant Solutions, Inc. is a foreign corporation, which is registered and

doing business in Mississippi, which may be served through its registered agent, Corporation

Service Company at 7716 Old Canton Road, Suite C, Madison, MS 39110.

3.     Defendant, Mark Beard is owner of Another Helper Security Service and may be

served at his business address located at 97 County Road 1471, Cullman, AL 35055.

4.     This suit is brought for an amount above the minimum jurisdictional limits of this

Court and that this Court has or can obtain jurisdiction of the parties and the subject matter and

that venue is based on the fact that the incident occurred in Natchez, Adams County, Mississippi.

### FACTS

5.     On or about, October 1, 2017, the Plaintiff was an employee of Walmart Store

#887 located at 36 Byrd Blvd., Petal, MS. Plaintiff was working in the accounting office and as

she was exiting the office, a security camera system that had not been secured fell on her head.

1

The Defendants, Walmart Stores, Inc. and Coliant Solutions, Inc., owed a duty to the Plaintiff to keep the premises of the Walmart Store business office in a reasonably safe condition, to warn the Plaintiff of any dangerous conditions not readily apparent of which it knew or should have known in the exercise of reasonable care, and to conduct reasonable inspections to discover dangerous conditions existing on the premises of Walmart Store #887.

6.      The Defendants, Walmart Stores, Inc., and Defendant Coliant Solutions, Inc. breached its duties owed to the Plaintiff in the following ways:

a.      Defendants failed to maintain the premises of Walmart Store #887 in reasonably safe condition;

b.      Defendants allowed a security camera system that had not been secured fell on Plaintiff's head when the Defendants knew, or in the exercise of reasonable care, should have known, that the hazard creased an unreasonable risk of harm to employees in the business office of Walmart store #887;

c.      Defendants failed to warn Plaintiff of the danger presented by the presence of the unsecured security system;

d.      Defendants failed to properly inspect the premises in order to discover hazardous conditions on the premises of Walmart Store #887;

e.      Defendants failed to otherwise exercise due care with respect to the matters alleged in this Complaint.


**DAMAGES**

7.      As a direct and proximate result of the negligence and carelessness of the Defendants, the Plaintiff:

a.     suffered serious, painful, temporary, and permanent bodily injuries, great

physical pain and mental anguish, severe and substantial emotional distress, loss of the

capacity for the enjoyment of life;

b.     was, is, and will be required to undergo medical treatment and to incur

medical costs and expenses in order to alleviate injuries, pain and suffering;

c.     was, is and will be precluded from engaging in normal activities and

pursuits, including a loss of ability to earn money and of actual earnings.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests a trial by jury and

demands judgment of and from the Defendant in an mount in excess of the minimum

jurisdictional limits of this Court with such amount to be determined at the trial of this cause

together with reasonable attorney's fees, costs of litigation and pre and post judgment interests

pursuant to Mississippi Code Annotated Section 75-17-7 as allowed by law and all costs of

Court.

Respectfully Submitted,

DIANE ROBERTS, PLAINTIFF

BY:  _____

WILLIE T. ABSTON, ESQ.
MS Bar No. 9935

Willie T. Abston
P. O. Box 320727
Flowood, MS  39232
Tel.: (601)487-8839
Fax: (601)487-8667
Email: willie.abston@abstonlaw.com

3

www.abstonlaw.com
willie.abston@abstonlaw.com
kenosha.whitehead@abstonlaw.com
dorene.harper@abstonlaw.com
yvette.cole@abstonlaw.com
quontessa.reed@abstonlaw.com



**ATTORNEY AT LAW**

Post Office Box 320727
Flowood, Mississippi 39232
Phone: 601.487.8839
Fax: 601.487.8667

September 29, 2020

**FILED**

SEP 3 0 2020

FORREST COUNTY CIRCUIT CLERK

Circuit Clerk of Forrest County
630 Main Street
Hattiesburg, MS 39401

Re: **_Diane Roberts v. Coliant Solutions, Inc.,_**
In the Circuit Court Forrest County, Mississippi

Dear Sir:

Please find enclosed regarding the above referenced matter, the Civil Cover Sheet, Summons and Complaint. Please issue and return the Summons as well as a stamped filed copy of the Complaint in this matter. Our office will forward the Summons and Complaint to the Sheriff for personal service.

I have also enclosed our firm's check in the amount of $160.00 which represents the filing fee in this matter.

Should you have any questions or need anything further, please feel free to give me a call. Thank you for your kind attention to this matter.

Sincerely,

**WILLIE T. ABSTON, LLC**

Yvette L. Cole
Legal Assistant

/ylc
Enclosures

ℕ𝟜

## IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

**DIANE ROBERTS**                                                                                          **PLAINTIFF**

**V.**                                                          CIVIL ACTION NO. $\partial O$-$132$

**COLIANT SOLUTIONS, INC.,**
**MARK BEARD,**
**AND JOHN DOES 1 THROUGH 5,**
**INDIVIDUALLY, JOINTLY and SEVERALLY**                                          **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:     Mark Beard
        Another Helper Security Service
        97 County Road 1471
        Cullman, AL 35055

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

     You are required to mail or hand-deliver a copy of a written response to the Complaint to Willie
T. Abston, Esquire, the attorney for the Plaintiff(s), whose post office address is Post Office Box 320727,
Flowood, Mississippi 39232. Your response must be mailed or delivered within (30) days from the date
of delivery of this summons and complaint or a judgment by default will be entered against you for the
money or other things demanded in the complaint.

     You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

     Issued under my hand and the seal of said Court this 30 day of Sept...

                                              _____
                                              Clerk of Forrest County, Mississippi

Willie T. Abston, LLC (MSB No. 9935)
Post Office Box 320727
Flowood, MS 39232
Tel. (601)487-8839
Fax (601)487-8667
Email: willie.abston@abstonlaw.com

KTA

## IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

**DIANE ROBERTS**                                                       **PLAINTIFF**

**V.**                                         CIVIL ACTION NO. 20-132

**COLIANT SOLUTIONS, INC.,**
**MARK BEARD,**
**AND JOHN DOES 1 THROUGH 5,**
**INDIVIDUALLY, JOINTLY and SEVERALLY**                                 **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:   Coliant Solutions, Inc.
      Registered Agent:
      Corporatation Service Company
      7716 Old Canton Road, suite C
      Madison, MS 39110

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the Complaint to Willie
T. Abston, Esquire, the attorney for the Plaintiff(s), whose post office address is Post Office Box 320727,
Flowood, Mississippi 39232.  Your response must be mailed or delivered within (30) days from the date
of delivery of this summons and complaint or a judgment by default will be entered against you for the
money or other things demanded in the complaint.

        You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

        Issued under my hand and the seal of said Court this 30 day of Sept, 2020.

                                        Clerk of Forrest County, Mississippi

Willie T. Abston, LLC (MSB No. 9935)
Post Office Box 320727
Flowood, MS 39232
Tel. (601)487-8839
Fax (601)487-8667
Email: willie.abston@abstonlaw.com

## IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

**DIANE ROBERTS**                                                                           **PLAINTIFF**

**V.**                                                          CIVIL ACTION NO. ___20-132+___

**COLIANT SOLUTIONS, INC.,**
**MARK BEARD,**
**AND JOHN DOES 1 THROUGH 5,**
**INDIVIDUALLY,JOINTLY andSEVERALLY**                                 **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:     Coliant Solutions, Inc.
        Registered Agent:
        Corporatation Service Company
        7716 Old Canton Road, suite C
        Madison, MS  39110

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

    You are required to mail or hand-deliver a copy of a written response to the Complaint to Willie
T. Abston, Esquire, the attorney for the Plaintiff(s), whose post office address is Post Office Box 320727,
Flowood, Mississippi  39232.  Your response must be mailed or delivered within (30) days from the date
of delivery of this summons and complaint or a judgment by default will be entered against you for the
money or other things demanded in the complaint.

    You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

    Issued under my hand and the seal of said Court this 30 day of _____ 2020.

                                            _____
                                            Clerk of Forrest County, Mississippi

Willie T. Abston, LLC (MSB No. 9935)
Post Office Box 320727
Flowood, MS  39232
Tel. (601)487-8839
Fax (601)487-8667
Email:  willie.abston@abstonlaw.com

Case: 18CI1:20-cv-00132     Document #: 1     Filed: 10/15/2020     Page 2 of 2

RECEIVED THIS _____ DAY OF _____, 2020.


BY: _____


## RETURN

State of _Mississippi_

County of _Madison_

(✓) I personally delivered copies of the summons and complaint on the 9th day of
_October_____, 2020, to: _Corporation Service Company._

( ) After exercising reasonable diligence I was unable to deliver copies of the summons
and complaint to _____ within _____ County, _____. I served the
summons and complaint on the _____ day of _____, 2020, at the usual place of
abode of said _____, by leaving a true copy of the summons and complaint with
_____, who is the _____ (here insert wife, husband, son,
daughter or other person so as the case may be), a member of the family of the person served
above the age of sixteen years and willing to receive the summons and complaint, and thereafter
on the _____ day of _____, 2020.  I mailed (by first class mail,
postage prepaid) copies to the person served at his or her usual place of abode where the copies
were left.

( ) I was unable to serve the summons and complaint.


This the 9th day of _October_____, 2020.

_____
Process Server

By: _____, Deputy Sheriff


_____
If served by Sheriff, provide name of County


[Note:  All summons issued to the sheriff must be returned within thirty days from the day the
summons was received by the sheriff pursuant to the requirements of Mississippi Rule of Civil
Procedure 4(c)(2)]

## IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

**FILED**

**DIANE ROBERTS**                                                      **PLAINTIFF**

JAN 13 2021

**V.**                                                 **CIVIL ACTION NO. 20-132**

*Christi...*
FORREST COUNTY CIRCUIT CLERK

**COLIANT SOLUTIONS, INC.,**
**MARK BEARD,**
**AND JOHN DOES 1 THROUGH 5,**
**INDIVIDUALLY, JOINTLY and SEVERALLY**                      **DEFENDANTS**

### APPLICATION TO CLERK FOR ENTRY
### OF DEFAULT AND SUPPORTING AFFIDAVIT

The clerk is requested to enter default against the defendant in the above entitled action for failure to plead, answer or otherwise defend as set out in the affidavit hereto annexed.

The attorney for the Plaintiff in the State of Mississippi and in the County of Rankin, being duly sworn, deposed and says:

1. That he is attorney of record of the Plaintiff, and has personal knowledge of the facts set forth in this affidavit.

2. That the Defendant was duly served with a copy of the summons, together with a copy of Plaintiff's complaint, on the 9th day of October, 2020.

3. That more than 30 days have elapsed since the date on which the said defendant was served with summons and a copy of the complaint.

4. That the defendant has failed to answer or otherwise defend as to Plaintiff's complaint, or serve a copy of any answer or other defense which he might have upon the undersigned attorney of record for the plaintiff.

5. That this affidavit is executed by affiant herein in accordance with Rule 55(a) of the Mississippi Rules of Civil Procedure, for the purpose of enabling the plaintiff to obtain an entry of default against the defendant, for his failure to answer or otherwise defend as to the plaintiffs complaint.

_____
Willie T. Abston
Attorney for Plaintiff

Sworn to and subscribed before me this the 7th day of Jan , 2021.

_____
Notary Public

My Commission Expires: February 18, 2024

www.abstonlaw.com
willie.abston@abstonlaw.com
kenosha.whitehead@abstonlaw.com
dorene.harper@abstonlaw.com
yvette.cole@abstonlaw.com
quontessa.reed@abstonlaw.com



**WILLIE ABSTON**

ATTORNEY AT LAW

Post Office Box 320727
Flowood, Mississippi 39232
Phone: 601.487.8839
Fax: 601.487.8667

January 7, 2021

Circuit Clerk of Forrest County
630 Main Street
Hattiesburg, MS 39401

  Re: ***Diane Roberts v. Coliant Solutions, Inc. et al;***
    In the Circuit Court of Forrest County, Mississippi
    Civil Action No. 20-132

Dear Sir/Madam:

  Enclosed please find for filing a Motion for Default Judgment along with the Declaration, Clerk entry of default judgment and application in the above referenced matter.

  If you have any questions, please feel free to contact my office. Thank you for your kind attention to this matter.

      Sincerely,

      WILLIE T. ABSTON, LLC

      Willie T. Abston, Esq.

WTA/ylc
Enclosures

## IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

**DIANE ROBERTS**                    **FILED**                    **PLAINTIFF**

**V.**                    JAN 13 2021                    **CIVIL ACTION NO. 20-132**

FORREST COUNTY CIRCUIT CLERK

**COLIANT SOLUTIONS, INC.,**
**MARK BEARD,**
**AND JOHN DOES 1 THROUGH 5,**
**INDIVIDUALLY, JOINTLY and SEVERALLY**                    **DEFENDANTS**

### ENTRY OF DEFAULT JUDGMENT

Default entered against defendant this 13 day of ___Jan___, 2021.

by: _____
CLERK

Respectfully Submitted,

This the 7th day of ___January___, 2021.

Diane Roberts, Plaintiff

BY: _____
WILLIE T. ABSTON, ESQ.
MS Bar No. 9935

WILLIE T. ABSTON, LLC
P. O. Box 320727
Flowood, MS 39232
Tel.: (601)487-8839
Fax: (601)487-8667
Email: willie.abston@abstonlaw.com
ATTORNEY FOR PLAINTIFF

IN THE CIRCUIT COURT OF
FORREST COUNTY, MISSISSIPPI

**Diane Roberts,**                              Cause No. 18CI1:20-cv-132

                              Plaintiff

        v.                              **Answer and Defenses**

**Coliant Solutions, Inc., Mark Beard,**
**and John Does 1 through 5,**
**Individually, Jointly and Severally,**

                              Defendant

COMES NOW, the defendant, **Coliant Solutions, Inc.** through counsel, and responds to the allegations in the Complaint as follows:

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted and it should be dismissed pursuant to Rule 12(b)(6) of the Mississippi Rules of Civil Procedure.

## SECOND DEFENSE

Coliant Solutions, Inc. generally denies all the averments contained in the Complaint, and each paragraph and subparagraph thereof, except such designated averments, paragraphs or subparagraphs, as are expressly set forth to the contrary more fully herein below pursuant to Rule 8(b) of the Mississippi Rules of Civil Procedure.

1

**AND NOW**, Coliant Solutions, Inc., without waiving any of the above-referenced defenses, responds to each and every numbered paragraph in Plaintiff's Complaint, as follows, to-wit:

## JURISDICTION AND VENUE

1. Plaintiff, Diane Roberts is an adult resident citizen of Forrest County, Mississippi.

**Response**: Admitted.

2. Defendant Coliant Solutions, Inc. is a foreign corporation, which is registered and doing business in Mississippi, which may be served through its registered agent, Corporation Service Company at 7716 Old Canton Road, Suite C, Madison, MS 39110.

**Response**: Admitted.

3. Defendant, Mark Beard is owner of Another Helper Security Service and may be served at his business address located at 97 County Road 1471, Cullman, AL 35055.

**Response**: The allegations in this complaint do not pertain to Coliant Solutions, Inc. Therefore, no response is required of this Defendant.

4. This suit is brought for an amount above the minimum jurisdictional limits of this Court and that this Court has or can obtain jurisdiction of the parties and the subject matter and that venue is based on the fact that the incident occurred in Natchez, Adams County, Mississippi.

**Response**: Denied. Coliant Solutions, Inc. does not contest personal jurisdiction or subject matter jurisdiction. It is admitted that venue is proper in Forrest County (not Adams).

## FACTS

5. On or about, October 1, 2017, the Plaintiff was an employee of Walmart Store #887 located at 36 Byrd Blvd., Petal, MS. Plaintiff was working in the accounting office and as she was exiting the office, a security camera system that had not been secured fell on her head. The Defendants, Walmart Stores, Inc. and Coliant Solutions, Inc., owed a duty to the Plaintiff to keep the premises of the Walmart Store business office in a reasonably safe condition, to warn the Plaintiff of any dangerous conditions not readily apparent of which it knew or should have known in the exercise of reasonable care, and to conduct reasonable inspections to discover dangerous conditions existing on the premises of Walmart Store #887.

**Response**: Coliant Solutions, Inc. lacks sufficient information or knowledge to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

6. The Defendants, Walmart Stores, Inc., and Defendant Coliant Solutions, Inc. breached its duties owed to the Plaintiff in the following ways:

   a.   Defendants failed to maintain the premises of Walmart Store #887 in reasonably safe condition;

   b.   Defendants allowed a security camera system that had not been secured fell on Plaintiff's head when the Defendants knew, or in the exercise of reasonable care, should have known, that the hazard creased an

unreasonable risk of harm to employees in the business office of Walmart store 4887;

c.    Defendants failed to warn Plaintiff of the danger presented by the presence of the unsecured security system;

d.    Defendants failed to properly inspect the premises in order to discover hazardous conditions on the premises of Walmart Store 4887;

e.    Defendants failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

**Response**: Denied.

## DAMAGES

**7.** As a direct and proximate result of the negligence and carelessness of the Defendants, the Plaintiff:

a.    suffered serious, painful, temporary, and permanent bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, loss of the capacity for the enjoyment of life;

b.    was, is, and will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain and suffering;

c.    was, is and will be precluded from engaging in normal activities and pursuits, including a loss of ability to earn money and of actual earnings.

**Response**: All allegations of negligence and carelessness are denied. With regard to damages, Coliant Solutions, Inc. lacks sufficient information or knowledge to admit or deny those allegations. Therefore, the allegations are denied.

4

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests a trial by jury and demands judgment of and from the Defendant in an mount in excess of the minimum jurisdictional limits of this Court with such amount to be determined at the trial of this cause together with reasonable attorney's fees, costs of litigation and pre and post judgment interests pursuant to Mississippi Code Annotated Section 75-17-7 as allowed by law and all costs of Court.

**Response**: In response to the unnumbered ad damnum paragraph, the Defendant denies that the Plaintiff is entitled to a judgment from Coliant Solutions, Inc.in the amount demanded, or in any amount whatsoever.

AND NOW, RESPONDING AFFIRMATIVELY, Coliant Solutions, Inc. would show unto the Court the following, to-wit:

### FIRST AFFIRMATIVE DEFENSE

Coliant Solutions, Inc. would affirmatively plead Mississippi Code Annotated § 11-7-15 (1972) and § 85-5-7 (Rev. 1991) and would aver that the acts or omissions of others, for whom this Defendant has no responsibility or liability, are the sole proximate, or contributing, cause of the Plaintiff's injury and that a jury must be allowed to assess the proportionate share of fault to said parties and/or participants.

### SECOND AFFIRMATIVE DEFENSE

Coliant Solutions, Inc. avers that he exercised the degree of care which a reasonably prudent person would have exercised in the same or similar circumstances and thus did not breach any applicable duty owed to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate her damages as required by law.

## FOURTH AFFIRMATIVE DEFENSE

In the event subsequent investigation reveals that the sole proximate, and/or contributing, cause of the Plaintiff's damages, if any, was a preexisting condition, disease, lesion or other illness for which this Defendant would not be liable, the Defendant reserves the right to defend on said basis.

## FIFTH AFFIRMATIVE DEFENSE

The Defendant would aver that the Plaintiff has failed to join an indispensable party whose presence is needed for a just adjudication of this matter since complete relief cannot be afforded in said party's absence and due to the fact that said party has an interest relating to the subject matter and is so situated that a disposition in said party's absence may (i) impair or impede the person's ability to protect that interest, or (ii) leave the Defendant subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

## SIXTH AFFIRMATIVE DEFENSE

In the event subsequent investigation reveals that the Plaintiff's damages, if any, are the result of an intervening act and/or event occurring subsequent to October 1, 2017, which was the sole proximate and/or substantially contributing cause, Coliant Solutions, Inc. reserves the right to defend on said basis.

## SEVENTH AFFIRMATIVE DEFENSE

Coliant Solutions, Inc. reserves the right to affirmatively plead any and all other defenses and affirmative defenses available to him which may become applicable through discovery and during the trial of this cause.

## EIGHTH AFFIRMATIVE DEFENSE

The facts not having been fully developed, the defendant adopts the following affirmative defenses: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge and bankruptcy, duress, estoppels, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense as may be shown by the fact in this cause.

WHEREFORE, PREMISES CONSIDERED, Coliant Solutions, Inc. respectfully requests that this Answer be received and deemed sufficient and that a Judgment be entered in its favor denying the relief requested by the Plaintiff and dismissing this action with prejudice with costs being assessed against the Plaintiff. Coliant Solutions, Inc. also prays for any general relief which the Court may deem appropriate in the premises.

Respectfully submitted, this the 13th day of January, 2021.

H. Wesley Williams, III

H. Wesley Williams, III
MS Bar No. 9320
Markow Walker, PA
Post Office Box 13669
Jackson, MS 39236-3669
Telephone: 601-853-1911
Facsimile: 601-853-8284
E-mail: wwilliams@markowwalker.com
*Counsel for Coliant Solutions, Inc.*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Pleading was this day forwarded to all counsel of record by depositing a copy of same via:

| | | | |
|---|---|---|---|
| ☐ | United States Mail | ☐ | Certified Mail |
| ☐ | Facsimile | ☐ | Hand Delivery |
| ☐ | Email | ☐ | Overnight Mail |
| ☒ | ECF System | | |

THIS the 13th day of January, 2021.

H. Wesley Williams, III

**FILED**

**IN THE CIRCUIT COURT OF**
**FORREST COUNTY, MISSISSIPPI**

FEB 2 4 2021

FORREST COUNTY CIRCUIT CLERK

Diane Roberts,                                    Cause No. 18CI1:20-cv-132

                        Plaintiff

v.                                        **Motion to Set Aside**
                                          **Clerk's Entry of Default**

**Coliant Solutions, Inc., Mark Beard,**
**and John Does 1 through 5,**
**Individually, Jointly and Severally,**

                        Defendant

COMES NOW, the Defendant, Coliant Solutions, Inc. through counsel, and herby moves this Court to set aside the Clerk's Entry of Default as follows:

## I.   FACTS

This action arises out of an incident which occurred on or about October 1, 2017, wherein the Plaintiff was allegedly struck in the head by a falling security camera as she was leaving her place of employment at the Walmart Store #887 located at 36 Byrd Boulevard in Petal, Mississippi. The Plaintiff filed her Complaint on September 30, 2020, which was served upon Defendant, Coliant Solutions, Inc., via its registered agent on October 9, 2020. On January 7, 2021, the Circuit Clerk of Forrest County, Mississippi, filed an Entry of Default, by which time Defendant Coliant Solutions, Inc. had not filed an Answer to the Plaintiff's Complaint. In support of her Motion for Default Judgment, also filed January 7, 2021, the Plaintiff

alleged that the Defendant Coliant Solutions, Inc. had failed to meet the procedural time requirement in filing its Answer or other defense. On January 13, 2021, Defendant Coliant Solutions, Inc. filed its Answer and Defenses (Doc. #6), wherein it asserted a general denial of liability, as well as multiple defenses to the Plaintiffs claims.

## II.   LAW AND ARGUMENT

### a. Standard for setting aside an Entry of Default

It has been long established in Mississippi that "(d)efault judgments are not favored, and trial judges have traditionally been lenient when it comes to relieving a party of the burden of a default judgment." *King v. Sigrest*, 641 So. 2d 1158, 1161 (Miss. 1994), quoting *Bell v. City of Bay St. Louis*, 467 So. 2d 657, 661 (Miss. 1985). Rule 55(c) of the Mississippi Rules of Civil Procedure provides procedural mechanisms regarding setting aside an entry of default:

(c) **Setting Aside Default.** For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

MISS. R. CIV. P. 55(c). Subsections (a) and (b) of Rule 55 also establish the clear distinction between an entry of default and a default judgment. The standard for obtaining and setting aside a clerk's entry of default is different from that required to obtain and set aside a court's adjudication of default. MISS. R. CIV. P. 55(c); *see also, Windmon v. Marshall*, 926 So. 2d 867, 871 (Miss. 2006), *Allstate Ins. Co. v. Green*, 794 So. 2d 170, 178-179 (Miss. 2001). In the instant case, Defendant Coliant Solutions, Inc. is asking this Court only to set aside the clerk's entry of default; presently, no default judgment has been entered against Defendant.

2

The Mississippi Supreme Court has held that to set aside an entry of default, nothing other than good cause must be shown. *Tatum v. Barrentine*, 797 So. 2d 223, 227 (Miss. 2001). This is "a more liberal standard for setting aside a default than the standard for setting aside a default judgment." *King v Sigrest*, 641 So. 2d 1158, 1162 (Miss. 1994); *see also, Windmon*, 926 So. 2d at 871. " 'Good cause shown' [...] requires the moving party to provide an explanation for the default or give reasons why vacation of the default entry would serve the interests of justice." *King v. Bunton*, 43 So. 3d 361, 364-365 (Miss. 2010), quoting *Windmon*, 926 So. 2d at 871 and *Green*, 794 So. 2d at 179.

In determining whether good cause exists for setting aside entry of default, the Court may consider such factors as clerical mistakes, misunderstanding, or failure to receive service of process. *Allstate*, 794 So. 2d at 179 (Waller, concurring). "Good cause" is difficult to define; however, when considering whether set aside a clerk's entry of default, courts have applied a more lenient version of the standard to set aside a judgment of default. *Allstate Settlement Corp. v. Huie*, 2010 U.S. Dist. LEXIS 14098 (N.D. Miss. 2010). A default judgment "should not be granted on the claim, *without more*, that the defendant had failed to meet a procedural time requirement." *Id.* (Emphasis added). "[W]here there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919 at 921.

"[D]efault judgments are not favored and trial courts should not be grudging in the granting of orders vacating such judgments where showings within the rules have arguably been made." *McCain v. Dauzat*, 791 So. 2d 839, 842 (Miss. 2001),

quoting *Guaranty Nat'l Ins. Co. v. Pittman*, 501 So. 2d 377, 387-388 (Miss. 1987). The importance of litigants having a trial on the merits should always be a serious consideration by a trial judge in such matters. Thus, any error made by a trial judge should be in the direction of setting aside a default judgment and proceeding with trial. *Allstate Ins. Co. v. Green*, 794 So. 2d 170, 174 (Miss. 2001).

Even when dealing with a default judgment as opposed to the more lenient entry of default, the Mississippi Supreme Court has explained that default judgments are never favored. *Chassanoil v. Bank of Kilmichael*, 626 So. 2d 127, 135 (Miss. 1993) ("[R]elief should be granted when there is a showing within the rules."). Although a three-part balancing test exists for setting aside a default judgment, the Mississippi Supreme Court has held that the three-part test is not applicable to setting aside an entry of default. *Barrentine*, 797 So. 2d 223 at 227.

### b. Good Cause exists for setting aside the Clerk's January 7, 2021, Entry of Default.

As pointed out by Justice Waller's concurrence in *Green, supra*, a court may consider, *inter alia*, the enumerated reasons under Rule 60(b) to determine whether "good cause" exists for setting aside an entry of default. "'Good cause shown' ... requires the moving party to provide an explanation for the default or to give reasons why vacation of the default entry would serve the interests of justice. Any of the reasons sufficient to justify the vacation of a default judgment under Rule 60(b) normally will justify relief from a default entry[.]" *Green*, 794 So. 2d at 179. The reasons sufficient to justify vacating a default judgment under Rule 60(b) include "(1) whether the defendant has good cause for the default, (2) whether the defendant in fact has a colorable defense to the merits of the claim, and (3) the nature and extent

of prejudice to the plaintiff if the default judgment is set aside." *Green*, 794 So. 2d at 174.

Here, Defendant Coliant Solutions, Inc. has a colorable defense on the merits to Plaintiff's claims. At the time of the incident which resulted in Plaintiff's alleged injuries, Coliant Solutions was subject to a "Master Subcontractor Agreement" with Another Helper, which is owned by Defendant Mark Beard. **Exhibit A.** Pursuant to that agreement, Another Helper was obligated to defend indemnify, and hold harmless Coliant Solutions for the claim that has been made by Plaintiff. Coliant Solutions tendered the defense of this claim by letter sent September 10, 2020, after Coliant and its insurer became aware of the forthcoming litigation. Said letter is attached hereto as **Exhibit B.** Coliant Solutions' failure to timely answer Plaintiff's Complaint was the result of their reasonable reliance on their indemnification agreement with Another Helper, which was memorialized in the Master Subcontractor Agreement.

Additionally, the Plaintiff has asserted no facts that point to any prejudice she would suffer if the Entry of Default were aside. The Plaintiff has presented no basis other than Defendant's failure to timely answer her Complaint as support for her Motion for Default Judgment. As noted by the *Huie* court, *supra,* claims that a defendant failed to meet a procedural time requirement, without more, cannot serve as a basis for entering a default judgment. Thus, the Plaintiff has not provided this Court with adequate basis for granting the relief requested in her motion.

In keeping with the axiom that default judgments are not favored, the Mississippi Supreme Court has held that the existence of defenses alone constitutes good cause to set aside a clerk's entry of default. "In Barrentine's motion to set aside

the entry of default, she argued several defenses ... Based on the record, we hold that the circuit judge was certainly within his discretion to set aside this entry of default. Barrentine's motion provided numerous defenses that established 'good cause' consistent with M.R.C.P. 55(c)." *Tatum*, 797 So. 2d at 227.

In the *Green* case, the Mississippi Supreme Court found that of the three factors examined to set aside a default judgment,[1] "the second factor, the presence of a colorable defense, outweighs the other two, and we have encouraged trial courts to vacate a default judgment where 'the defendant has shown that he has a meritorious defense.'" *Green*, 794 So. 2d at 174. The court emphasized that "the importance of litigants having a trial on the merits should always be a serious consideration by a trial judge in such matters." *Id*. The Mississippi Supreme Court has held that even a default *judgment* should be vacated when defendant demonstrates that he has a "meritorious defense." *Green*, 794 So. 2d at 174. The same considerations should apply in this case to set aside the clerk's entry of default against this Defendant.

### III.   CONCLUSION

Mississippi law strongly prefers a disposition of lawsuits on the merits, rather than by default. The legal standard to set aside an entry of default is more lenient than that required to set aside a default judgment. Importantly, relief from an entry of default should be granted where the defending party acts with reasonable diligence in seeking a set aside of default and tenders a meritorious defense. Defendant Coliant

---

[1] It should again be noted that the Mississippi Supreme Court has held specifically that the three-part test is not applicable to setting aside the clerk's entry of default. *Barrentine*, 797 So. 2d 223 at 227. However, the weight given to a colorable defense is instructive here.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Pleading was this day forwarded

to all counsel of record by depositing a copy of same via:

| | | | |
|---|---|---|---|
| ☐ | United States Mail | ☐ | Certified Mail |
| ☐ | Facsimile | ☐ | Hand Delivery |
| ☐ | Email | ☐ | Overnight Mail |
| ☒ | ECF System | | |

THIS the 22th day of February, 2021.

H. Wesley Williams, III

andperformingthe          Contractor's                    work
toavoidconflictsorinterferenceintheSubcontractor'sworkandshall   expedite
written responses to submittals made bythe Subcontractor in accordance
with this Agreement.Assoonaspracticableafterexecutionofthisagreement,
the
ContractorshallprovidetheSubcontractorcopiesoftheContractor'sconstructi
onschedule          andscheduleofsubmittals,together          withsuchadditional
schedulingdetailsaswillenable          the          Subcontractortoplanand
performtheSubcontractor'sworkproperly.TheSubcontractorshall
benotifiedpromptly
ofsubsequentchangesintheconstructionandsubmitschedulesand
additionalschedulingdetails.

## 3.2   COMMUNICATIONS

**3.2.1**   TheContractorshallpromptly
makeavailabletotheSubcontractorinformationwhichaffects
thisSubcontractand          whichbecomesavailabletotheContractor
subsequenttoexecution of thisSubcontract.

**3.2.2**   TheContractorshallnotgiveinstructionsorordersdirectlyto  employees  or
workmen of Subcontractor, except to persons designated as authorized
representatives of the Subcontractor.   The Contractor shall have full
access, including names and cell phone and/or pager numbers of
technicians who will perform work.   The Subcontractor agrees to only
communicate with the Contractor regarding all communication reference
to projects performed by the Subcontractor for Contractor.

**3.2.3**   The Subcontractor shall not communicate with the Owner/Customer
regarding the scheduling of work.

**3.2.4**   The Subcontractor shall indicate they are representing Contractor
while   performing   the   work   for   the   Owner/Customer.      The
Subcontractor shall, under no circumstances, hand out business
cards or other company related items to the Customer.

**3.2.5**   The Subcontractor shall communicate all terms and conditions of this
agreement within their organization.

## 3.3   CLAIMSBYTHECONTRACTOR

**3.3.1**   Liquidateddamagesfordelay,ifprovidedforinthisagreement,      shall      be
assessed
againsttheSubcontractoronlytotheextentcausedbytheSubcontractor,the
Subcontractor'semployeesandagents,Sub-subcontractors,suppliersorany
personorentity forwhoseacts theSubcontractor maybeliable.

3.3.2 Exceptasmaybeindicated in this Agreement,theContractoragreesthatnoclaimfor payment forservicerenderedormaterialsandequipmentfurnishedby theContractortothe Subcontractorshallbevalidwithoutpriorpurchaseorderissuedby theContractortothe Subcontractor. Verbalorders willnotbeprocessedfor payment.

## 3.4   CONTRACTORSREMEDIES

3.4.1   If the Subcontractor defaults or neglects to carry   out the work in accordance with this agreementandfails withinthree workingdaysafter receiptof writtennoticefromtheContractor to commence and   continue correction   of   such   default   or   neglect   with   diligence   and promptness,theContractormay,afterthreedaysfollowingreceiptby theSubcontractorofan additionalwrittennotice,andwithoutprejudicetoanyotherremedytheContract ormay have, makegoodsuchdeficienciesandmay deductthecostthereoffromthepaymentsthenor thereafterduetheSubcontractor.ForexampleifSubcontractordoesnotcompl eteasite surveytheContractorcanemployanotherSubcontractortoperformthelaboratt heexpense oftheoriginalSubcontractor.

## 3.5   INVOICING

3.5.1   Forallworkthathasbeen completedto100%,theSubcontractorshall communicate,either by fax or email,withinten(10)days,acompleteinvoiceforallworkperformed along with any and all signed paperwork necessary for Contractor to invoice customer.   **IMPORTANT-IfSubcontractordoesnotinvoiceContractor withinabovetimeframe,thirty days (30),theSubcontractoragreesnottosubmitan invoice forwork providedand the work will be at nocost to the Contractor.**

## ARTICLE4 SUBCONTRACTOR

## 4.1   EXECUTIONAND PROGRESSOFTHEWORK

4.1.1   The Subcontractor shall cooperate with the Contractor in scheduling andperformingthe Subcontractor's worktoavoidconflict,delayin or interference withtheworkof theContractor.

**4.1.2** The Subcontractor shall promptly submit project plans, drawings, product data.                          samples and similar submittals required by the Subcontract Documents with reasonable promptness and in such sequence as to cause no delay in the work or in the activities of the Contractor or other subcontractors.

**4.1.3** If requested, the Subcontractor shall submit to                          the Contractor a schedule of values allocated to the various parts of the work of this Subcontract, aggregating the Subcontract Sum, made out in such detail as the Contractor and Subcontractor may agree upon or as required by                                                          the Owner, and supported by such evidence as the Contractor may direct. In applying for payment,      the      Subcontractor      shall submit statements based upon this schedule.

**4.1.4**                          The Subcontractor shall furnish to the Contractor periodic progress reports on the                          work of his                          Subcontract as mutually agreed, including information on the status of materials and                          equipment, which may be in the course of preparation or manufacture.

**4.1.5**                          The Subcontractor agrees that the Contractor will have the authority to reject work that does          not conform to a specification or the scope of work defined in the purchase order issued by the Contractor.

**4.1.6** The Subcontractor shall pay                                        for                                        all materials; equipment and labor used in connection with the performance of this Subcontract through the period covered by previous payments received          from the Contractor, and shall          furnish satisfactory evidence, when requested by the Contractor.                                        to verify compliance with the above requirements.

**4.1.7**                          The Subcontractor shall take necessary precautions to protect properly the work of other    subcontractors from damage caused by operations under this Subcontract.

**4.1.8** The Subcontractor shall cooperate with the Contractor,                          other subcontractors and the  Owner's  own  forces  whose work might interfere with the Subcontractor's work.

## 4.2   LAWS, PERMITS, FEES, LICENSES AND NOTICES

4.2.1  The Subcontractor shall give notices and comply with laws, ordinances, rules, regulations and orders of public authorities bearing on performance of work from resulting purchase orders.      The Subcontractor shall secure and pay for permits and governmental fees, licenses and      inspections necessary for proper execution and completion of the Subcontractor's work, the furnishing of which it is required of the Contractor by the Prime Contract.

4.2.2      The Subcontractor shall comply with federal, state and local tax laws, social security      acts,      unemployment compensation acts and workers' or workmen's compensation acts insofar as applicable to the performance of this Subcontract. The subcontractor will comply      with and perform its work according to the National Electrical Codes, IEEE, and BCSI methods of data or network cabling installation as well as EIA/TIA. Subcontractor must be licensed to perform work in all states, counties, cities, and municipalities where work will      be performed. Subcontractors will, upon request by Contractor, furnish Contractor with license certificate.

## 4.3   SAFETY PRECAUTIONS AND PROCEDURES

4.3.1  The Subcontractor shall      take      reasonable safety precautions with respect to performance of      this Subcontract, shall comply with safety measures initiated by the Contractor and with applicable laws, ordinances, rules, regulations and orders of public authorities for the safety of persons or      property in accordance with the requirements of the Prime Contract. The Subcontractor shall report to the Contractor, within three days, an injury to an employee or agent of the Subcontractor, which occurred at the site.

4.3.2  If      hazardous substances of      a type of which an employer is required by law to notify its employees are being used on the site by the Subcontractor, or anyone directly or indirectly employed by them, the Subcontractor shall, prior to harmful exposure of any employees on the site to such substance, give written notice of the      chemical composition thereof to the Contractor in sufficient detail and time to permit compliance with such laws by the Contractor, other subcontractors and other em

ployerson the site.

**4.3.3**

IntheeventtheSubcontractorencountersonthesitematerialreasonabl ybelievedtobe  asbestos  or  polychlorinatedbiphenyl(PCB),  which hasnotbeenrendered  harmless,the  Subcontractorshallimmediately stopworkintheareaaffectedand                      reporttheconditiontothe Contractorinwriting.Theworkin        theaffectedareashallresume  in theabsenceof                    asbestos                        or polychlorinatedbiphenyl(PCB),orwhenithasbeenrenderedharmless,by writtenagreement oftheContractorandSubcontractor,orinaccordancewithfinaldeterminationb y       thearchitect       onwhicharbitrationhasnotbeendemanded,orby arbitrationasprovidedinthisagreement.    TheSubcontractorshallnot    be requiredpursuanttoArticle5toperformwithout                      consentany workrelatingtoasbestos orpolychlorinatedbiphenyl(PCB).

**4.3.4**   IftheSubcontractordeems,inhisbest judgment,thesiteto be unsafe and isin fear    forthe      safetyofthetechniciansonsite,theSubcontractorhasthe righttoevacuatethe          siteuntil          the          siteisdeemedsafe. UponevacuationtheSubcontractorshallnotifytheContractorofthe situation.

## 4.4   CLEANING UP

**4.4.1**   TheSubcontractorshallkeepthepremisesand                surroundingarea freefromaccumulation                                                  of wastematerialsorrubbishcausedbyoperationsperformedunderthis agreement.                                                          This includessettingceilingtilesinplace,vacuuming,removalofcable,packagingm aterialand                                                          the like.TheSubcontractorshallnotbeheldresponsibleforuncleanconditionscaus edby    other    contractorsorsubcontractors.TheSubcontractorshallnotify Contractorintheevent,thatany  other  subcontractors,whohavebeenonsite, leave debrisortrash.

## 4.5   WARRANTY

**4.5.1**   The Subcontractor warrants to the   Owner and   Contractor   that materials and  equipment furnished under this Subcontract will be of good quality,        new          and          matches        project specificationsunlessotherwiserequiredorpermittedby theSubcontractDocuments,thatthe work  ofthisSubcontractwillbefreefrom defects,            andthattheworkwillconformwiththerequirements        of theSubcontractDocuments.

**4.5.2**  Worknotconformingto    theserequirements,    including    substitutions

notproperlyapprovedand         authorized,maybeconsidereddefective.
TheSubcontractor'swarrantyexcludesremedy                    for
damageordefectcausedbyabuse,modificationsnotexecutedby
theSubcontractor.
improperorinsufficientmaintenance,improperoperation,ornormalwearand
tearunder         normalusage.         Thiswarranty
shallbeinadditiontoandnotinlimitationofanyotherwarranty         or
remedyrequiredbylaworbytheSubcontractDocuments.

**4.5.3** Materialandlaborsuppliedby
theSubcontractorwillbewarrantedforaperiodofoneyear
fromthedatethatthecontractoracceptedthework.Thematerialwarranty
willbethatofthe manufactureriflongerthanoneyear.

## 4.6 INDEMNIFICATION

**4.6.1** Tothefullestextentpermittedbylaw,              theSubcontractor
shallindemnifyandholdharmless    the    Owner,Contractor,Contractor's
consultants,officers,                 agentsandemployees
fromandagainstclaims,damages,lossesandexpenses,         including
butnotlimited         to         attorney'sfees,arisingoutof
orresultingfromperformanceof     theSubcontractor's     workunder
thisSubcontract, including but not limited to claims for bodily injury,
sickness,diseaseordeath,ortoinjurytoordestructionof
tangibleproperty(other     than     the     workitself)including     lossof
useresultingtherefrom,butonlytotheextentcaused     inwholeor     in
partbynegligentacts oromissions of theSubcontractor,anyonedirectlyor
indirectlyemployedbythemoranyonefor whoseacts they maybeliable,
regardless of whether ornotsuchclaim,damage,lossorexpense is
caused in part byapartyindemnified hereunder.

**4.6.2** In         claimsagainstanypersonorentityindemnified         underthis
Paragraph4.6byanemployeeof         theSubcontractor,anyonedirectly
orindirectly                 employedbythemoranyone
forwhoseactstheymaybeliable,theindemnificationobligation
underthisParagraph4.6shallnotbelimitedby
alimitationonanamountortypeofdamages, compensationorbenefitspayableby
orfortheSubcontractorortheSubcontractor'sSub-
subcontractorsunderworkers'orworkmen'scompensationacts,disabilityben
efitactsor otheremployeebenefitacts.

## 4.7 REMEDIESFORNONPAYMENT

**4.7.1**
IftheContractordoesnotpaytheSubcontractorthroughnofaultoftheSub
contractor,within 60daysfromthetimepayment shouldbe
madeasprovidedinthisagreement, the Subcontractormay,

withoutprejudiceto otheravailableremedies,uponsevenadditionaldays'
writtennoticetotheContractor, stoptheworkofthisSubcontractuntilpayment
oftheamount owing hasbeenreceived,

## ARTICLE5   CHANGESIN THEWORK

**5.1**

TheContractormaymakechangesintheworkbyissuingachangeorder.Uponr
eceiptofsucha        modificationissuedsubsequenttothe        executionofthe
SubcontractAgreement,the                                                    Contractor
shallpromptlynotifytheSubcontractorofthemodification.
Unlessotherwisedirectedbythe
Contractor,theSubcontractorshallnotthereafterorder  materialsorperformworkthat
wouldbe                inconsistent                    withthechanges
madebythemodificationstothePrimeContract.

**5.2**   The Subcontractor may be ordered in writing by  the Contractor, without
invalidating    this    Subcontract,to    makechangesintheworkwithinthegeneral
scopeofthisSubcontractconsisting
ofadditions,deletionsorotherrevisions,includingthose
requiredbymodificationstotheContract  betweentheContractorandtheContractor's
customer,issuedsubsequentto                    theexecutionof                    this
Agreement,theSubcontractSumandtheSubcontractTimebeingadjustedaccordingl
y.        The    Subcontractor,priortothe    commencementofsuch    changedor
revisedwork,              shall              submit              promptly
totheContractorwrittencopiesofadjustmentstotheSubcontractSumand
Subcontract                    Timeforsuch                    revisedworkina
mannerconsistentwithrequirementsofthe Subcontract Documents.

## ARTICLE6   WAIVER OF JURY TRIAL; ARBITRATION

**6.1**   THE PARTIES HERETOWAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY
AND STIPULATE THAT ANY AND ALL DISPUTES BETWEEN THE PARTIES
HERETO SHALL BE SUBMITTED TO ARBITRATION TO BE CONDUCTED IN
THE STATE OF GEORGIA.

**6.2**   The Arbitration shall be conducted in accordance with the Rules of the American
Arbitration Association as applied to the construction industry, unless the parties
mutually agree otherwise.

**6.3**   The parties stipulate and agree that no third parties shall be joined, by
consolidation or joinder, or in any other manner, in any such arbitration unless it
is shown at the time the demand of arbitration is filed that (1) such person or
entity is substantially involved in a common question of fact or law; and (2) the

presence of such person or entity is required for complete relief to be afforded in the arbitration.

6.4 The award entered by the arbitrator or arbitration panel shall be the final award as to any dispute between the parties. The parties stipulate and agree that any court in the state of Georgia shall have jurisdiction over the parties with regard to entering a judgment on the arbitration award and the parties further stipulate that venue is proper in any state or superior court in the state of Georgia.

6.5 The parties stipulate and agree that the laws of the state of Georgia shall apply to any disputes arising between the parties, both as to the interpretation and the enforcement of this agreement and the rights of the parties hereto.

## ARTICLE 7   TERMINATION BY CONTRACTOR; NON-ASSIGNABILITY OF SUBCONTRACT

### 7.1  TERMINATION BY THE CONTRACTOR

7.1.1 In the event the Subcontractor is in breach of the terms of this Agreement or fails to perform its scope of work in accordance with the subcontract document or in any way fails to perform in accordance with this agreement, Contractor shall notify Subcontractor in writing of the nature and extent of Subcontractor's breach. In event Subcontractor has failed to remedy such default within three working days of the date of Contractor's notice, Contractor shall have the right to terminate this subcontract, or a portion of the scope of work. In such event, Contractor shall have the right to employ such other persons or entities as may be necessary to remedy Subcontractor's default, and shall have the right to charge any such expense incurred (or the reasonable value of such work in the event Contractor cures such default on its own), and shall have the right to charge such expenses against any balance due to Subcontractor under this agreement. To the extent the expense incurred by the Contractor to cure Subcontractor's default exceeds any amounts owed to Subcontractor, Subcontractor shall reimburse Contractor any such amounts within thirty (30) days of written notification by the Contractor.

**7.1.2** Outofconvenience,theContractormayterminatethiscontractandany resultingpurchase ordersfor specific projects.

## 7.2   NON-ASSIGNMENTOFTHESUBCONTRACT;  RESTRICTION ON SECOND OR THIRD TIER SUBCONTRACTING

**7.2.1** TheSubcontractorshallnotassignthisSubcontract  or  any  work  to  be performed     hereunder     withoutthe     prior     written     consentof theContractor.Subcontractor  is  prohibited  from  second  or  third  tier subcontracting with any  other  person  or  entity  without  the  prior  written consent of the Contractor.

**7.2.2**
Intheeventpermissionisgiventothe Subcontractortoassigntheworkco ntractedby           the           Contractor,andonrequestoftheContractor, theSubcontractorwilldisclosethenamesofthe
contractorsthatwillperformworkonaspecific project.

## ARTICLE8   SCOPE OF WORK

**8.1**  Subcontractorshallperform and provide labor and materials as described in the purchase order documents which shall include all labor, materials, equipment, services and  other  items  required  to  complete  the  scope  of  work  of  the Subcontract.

**8.2**
SubcontractorwillnotpurchasematerialsthatcannotbereturnedbytheSubcon tractortoits              originorsupplier.TheSubcontractorwillnotbilltheContractor, theContractor's              customerorthe              business wherematerialsareinstalled.Contractorwillnotbeliableforreturnorrestocking chargesincurredbythe         Subcontractor         formaterialnotusedon         a specificprojectunlessit  ismade  knownto  theContractorbefore  workbegins, isstatedon the Subcontractor'spurchaseorder from the Contractor.

## ARTICLE9   DATEOFCOMMENCEMENTAND SUBSTANTIALCOMPLETION

**9.1**  The Subcontractor's date  of commencement is the date  from which the Contractor       Time       of       Paragraph9.3ismeasured;itshallbethedate ofthisagreement,asfirstwrittenabove,unlessa       differentdate       isstatedbelow orprovisionismadeforthedate       tobe       fixedinanoticetoproceed       issued bytheContractororonaspecific purchaseorder.

**9.2**  TheworkofthisSubcontractshallbecompletednolaterthan       the       scheduledates attachedtothe             purchaseorderassociatedwitha             specificproject.

Thesedatesareconsideredtobefinal.Delays beyondthisdatearenotacceptable.Ifworkisdelayedbeyondthetimesanddatesnoted inthe Contractor purchase order to the Subcontractor, Subcontractor will work overtime, work weekends,holidaysandtakewhatevermeansneeded tobringthescheduletoan"onschedule status".Costsassociatedwiththesechargeswillbethe Subcontractor'sunlessagreeddifferently in writingbyboththeContractorandSubcontractor.Time isof theessenceof this Subcontract.

**9.3**

NoextensionoftimewillbevalidwithouttheContractor'swrittenconsentafterclai mmadebythe Subcontractor in accordancewith Paragraph5.2.

## ARTICLE10 SUBCONTRACTSUM

**10.1** See PurchaseOrder.

## ARTICLE11 PAYMENTS

**11.1** Payment of invoices will be net 45 upon 100% completion of a project and receipt of all required documentation necessary for Contractor to invoice customer.

**11.2** Receipt of signed lien waivers shall be a condition precedent to the payment of any invoice submitted by Contractor.

## ARTICLE12 FINALPAYMENT

**12.1** The Contractor shall make final payment, constituting the entire unpaid balance of the SubcontractSum,totheSubcontractorwhentheSubcontractor'sworkisfully performedin accordance withtherequirements of theContractDocuments.

**12.2**

Beforeissuanceofthefinalpayment,theSubcontractor,ifrequired,shallsubmit evidence satisfactory totheContractorthatallpayrolls,billsformaterialsand equipment, and allknown indebtednessconnectedwiththeSubcontractor'sworkhavebeen satisfied. TheSubcontractor shall, ifrequiredprovidereleaseof Lienandproofof payment.

## ARTICLE13 INSURANCEAND BONDS

13.1 The Subcontractor shall purchase and maintain insurance of the following types of coverage and limits of liability:    **$2,000,000    General liability;    $1,000,000    Workmen's Compensation**

**Subcontractor shall issue a certificate of insurance before starting work on any customer site of Contractor.    Contractor and any Contractor customer will be named as additional insured on    Subcontractor's insurance certificate.**

13.2 Coverage, whether written on an occurrence or claims-made basis, shall be maintained without interruption from date of commencement of the Subcontractor's work until date of final payment    and    termination of    any coverage required to be maintained after final payment.

13.3
                        Certificates of insurance acceptable to the Contractor shall be filed with the Contractor prior to    commencement of the Subcontractor's work. These certificates and the insurance policies    required by this Article 13 shall contain a provision that coverage afforded under the policies will not be cancelled or allowed to expire until at least 30 days' prior written notice has been given to    the Contractor. If any of the foregoing insurance coverages are required to remain in force after final payment and are reasonably available, an additional certificate evidencing continuation of such coverage shall be submitted with the final application for payment as required in Article 12.    If the insurer does not furnish any information    concerning reduction of coverage, the    Subcontractor shall furnish it with    reasonable promptness according to the Subcontractor's information and belief.

13.4 Waivers of Subrogation.
The Contractor and Subcontractor waive all rights against (1) each    other and any of their Subcontractors, agents and employees, each of the    other,    and    (2)    the Owner,    the owner's consultants, separate contractors, and    any of their subcontractors, agents and employees for damages caused by    fire or other    perils. The Subcontractor shall require each of the    Subcontractor's agents and employees, by appropriate agreements, written where legally required for validity, similar    waivers in favor of other parties enumerated    herein. The policies shall provide such waivers of    subrogation by endorsement or otherwise. A waiver of subrogation shall be effective as to a person or entity even though that person or entity would otherwise have a duty of indemnification,    contractual or otherwise, did not pay the insurance premium directly or indirectly, and whether or    not    the person or entity had an insurable    interest    in the property damaged.

13.5

The Contractor shall promptly, upon request of the Subcontractor, furnish a copy or permit a copy to be made of any bond covering payment of obligations arising under the Subcontract.

**13.6** Performance Bond and Payment Bond: **Required if noted on Contractor purchase order.**

## ARTICLE15 MISCELLANEOUS PROVISIONS

**15.1**

Whererefereinceismadeinthisagreementtoaprovisionofthegeneralcondition soranother SubcontractDocument,the referenrcereferstothat provisionasamended or supplemented by otherprovisions of theSubcontractDocuments.

## ARTICLE16 ENUMERATION OFSUBCONTRACTDOCUMENTS

**16.1**

TheSubcontractDocuments,exceptformodificationsissuedafterexecutionof thisagreement, are enumeratedasfollows:

**16.1.1** ThisexecutedCoLiant Solutions, Inc.standardFormofAgreementbetweenContractorandSubcontractor, 2015Edition.

**16.1.2** Otherdocuments,ifany,formingpartof theSubcontractDocumentsareasfollows:

**Purchaseordersthatincludeinstructionsto Subcontractor,addenda,p erformance schedules, submittalsand specialinstructionsto the Subcontractor.**

This agreemententeredinto asof thedayandyear firstwrittenabove.

COLIANT SOLUTIONS, INC.

Ken Stallings_____     Another Helper_____
(Signature)                                              (Signature)

Ken Stallings, President                          ·/↩/⌐ ⊙ₙᵢₓₓₐ MARK BEARD
CoLiant Solutions, Inc.                          (Print Name and Title)

                                                         6-3-2015
                                                         _____
                                                         (Date)



THE HARTFORD
EASTERN GL OFFICE
PO BOX 14263
LEXINGTON KY 40512

September 10, 2020

Another Helper
97 Co Road 1471
Cullman AL 35055

Re:   Insured:        COLIANT SOLUTIONS INC
      Claimant:       Diane Roberts
      Date of Loss:   October 1, 2017
      Event Number:   GL0018786995
      Claim Number:   Y43 L 98167

Dear Another Helper:

Please be advised that Hartford Casualty Insurance Company is the General Liability insurance carrier for Coliant Solutions Inc.

Based on the information currently known to us, on 10/1/2017, Diane Roberts, an employee of Wal-Mart was at store #887 in Petal, MS when a portion of ceiling tile fell and struck her. It was determined that the ceiling tile that fell had an unattached security camera and was installed by your company.

This letter will serve as formal tender of defense and indemnification of the above-referenced loss and a request that Another Helper provide our policyholder with additional named insured coverage under your general liability policy.

We direct your attention to Article 13 of the Master Subcontract Agreement, which contains the following insurance obligations.

> 13.1 The Subcontractor shall purchase and maintain insurance of the following types of Coverage and limits of liability:  $2,000,000 General liability;  $1,000,000 Workmen's Compensation
>
> Subcontractor shall issue a certificate of insurance before starting work on any Customer site of Contractor.  Contractor and any Contractor Customer will be named as additional insured on Subcontractor's Insurance certificate.

We also direct your attention to the attached Certificate of Insurance (if applicable) issued to Another Helper under policy # L155000960-1.  Coliant Solutions is referenced as an additional insured under your General Liability policy.

MT00057

Page 1 of 2



In addition, we believe that Another Helper is obligated to defend, indemnify and hold harmless Coliant Solutions for the above reference claim being made by Diane Roberts. We direct your attention to section 4.6 Indemnification, which contains the following indemnification obligations.

### 4.6 INDEMNIFICATION

*4.6.1 To the fullest extent permitted by law, the Subcontractor Shall indemnify and hold harmless the Owner, Contractor, Contractor's consultants, officers, agents and employees From and against claims, damages, losses and expenses,  including But not limited to attorney's fees, arising out of or resulting from performance of the Subcontractor's work under This Subcontract, including but not limited to claims for bodily injury, sickness, disease or death, or to injury to or destruction of Tangible property(other  than  the  work itself)including  loss of Use resulting there from, but only to the extent caused  in whole or  in Part by negligent acts or omissions of the Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder.*

At this time, we ask that you respond as follows:

- Acknowledge that Another Helper will afford insurance coverage to Coliant Solutions as an additional named insured and / or defend and indemnify Coliant Solutions.
- Provide us with a complete copy of the applicable commercial general liability policy, as well as any applicable excess policy with your company.
- Should a release be signed that Coliant Solutions Inc & Hartford Casualty Insurance Company be listed on the release and provided copies.

Thank you in advance for your anticipated prompt attention to the above.  If there are any questions or concerns please do not hesitate to contact me, otherwise I ask that we be furnished with your response and the requested materials within the next 15 days.

Sincerely,

*Lyle Congdon*

Lyle Congdon
Claim Representative
Direct Number: (860) 737 - 4321
Toll Free Number: (888) 525 - 2652 Ext. 2307862
Fax: (866) 809 - 1178
lyle.congdon@thehartford.com

Writing  Company Name: Hartford Casualty Insurance Company

CC:  Sedgwick CMS via Email

Enclosures:

MT00057

## MASTER SUBCONTRACT AGREEMENT

This Master Agreement is entered into between CoLiant Solutions, Inc. (hereinafter "Contractor") and <u>Another Helper</u> (hereinafter "Subcontractor") made and entered into as of <u>June 2</u> . 2015.

Subcontractor acknowledges that Contractor has entered into a contract with <u>Another Helper</u> ("Owner") for a certain project located in <u>Alabama</u> ("Prime Contract"), and this Agreement with Contractor is for the provision of services as part of the project. For and in consideration of other good and valuable considerations, including the promises set forth herein, the receipt and sufficiency of which are acknowledged, the parties do hereby agree as follows:

### ARTICLE1 THE SUBCONTRACTDOCUMENTS

1.1     TheSubcontractDocuments    consistof(1)thisagreement;   (2)   the    purchase order(s); (3) otherdocuments listed in Article16 ofthisagreement;and (4) written modificationstothisSubcontract executed by both Contractor and Subcontractor, if    any.      These      documents     are      material      to      and fromtheSubcontract,andareasfullyapartoftheSubcontractasifattached tothisAgreementor                                     set                               forth herein.TheSubcontractrepresentstheentireagreementbetweenthepartiesheretoa ndsupersedespriornegotiations,                                             representationsor agreements,eitherwrittenororal.AnenumerationoftheSubcontractDocuments,othe r than modificationsissued subsequenttotheexecutionof thisagreement,appearin Article16.

1.2

TheSubcontractorshallbefurnishedcopyoftheSubcontractDocumentsuponr equest,butthe Contractor may charge the Subcontractor for the cost of Reproduction.

1.3     This Subcontract Agreement shall not be construed to create a contractual relationship of any kind between the Subcontractor and the Owner. Subcontractor acknowledges that its only contract with regard to the project is with Contractor, on the terms and conditions set forth herein.

### ARTICLE 2 MUTUAL RIGHTS AND RESPONSIBILITIES [DELETED]

### ARTICLE3 CONTRACTORS

#### 3.1 SERVICESPROVIDEDBYTHECONTRACTOR

3.1.1 The Contractor  shall  cooperate with the  Subcontractor in scheduling



Solutions, Inc. has acted with reasonable diligence to correct the entry of default. The Defendant's failure to act was not willful, setting aside the entry of default will not prejudice the plaintiff, and the Defendant has valid and meritorious defenses to the merits of Plaintiff's claims. Plaintiff would suffer no irreparable injury if the entry of default is set aside. Defendant Coliant Solutions, Inc. will be prejudiced by suffering a default judgment on Plaintiff's allegations and "good cause" exists for this court to set aside the clerk's entry of default.

WHEREFORE, PREMISES CONSIDERED, Defendant Coliant Solutions, Inc. requests that this Court set aside the clerk's Entry of Default. Defendant Coliant Solutions, Inc. further requests such other relief to which it may be entitled as a matter of equity or law.

Respectfully submitted, this the 22th day of February, 2021.

H. Wesley Williams, III

H. Wesley Williams, III
MS Bar No. 9320
Cecelia Virden
MS Bar No. 105199
Markow Walker, PA
Post Office Box 13669
Jackson, MS 39236-3669
Telephone: 601-853-1911
Facsimile: 601-853-8284
E-mail: wwilliams@markowwalker.com
E-mail: cvirden@markowwalker.com
*Counsel for Coliant Solutions, Inc.*

IN THE CIRCUIT COURT OF
FORREST COUNTY, MISSISSIPPI

| | |
|---|---|
| **Diane Roberts,** | Cause No. 18CI1:20-cv-132 |
| Plaintiff | |
| v. | **Notice of Service** |
| **Coliant Solutions, Inc., Mark Beard, and John Does 1 through 5, Individually, Jointly and Severally,** | |
| Defendant | |

NOTICE is hereby given, pursuant to Mississippi Rules of Civil Procedure, that the Defendant, Coliant Solutions, Inc. has this date served the following:

*Coliant Solutions, Inc.'s Requests for Admissions to Plaintiff, Diane Roberts*

The undersigned retains the original of the above as custodian thereof.

Respectfully submitted, this the 4th day of March, 2021.

H. Wesley Williams, III

H. Wesley Williams, III
MS Bar No. 9320
Cecelia Virden
MS Bar No. 105199
Markow Walker, PA
Post Office Box 13669
Jackson, MS 39236-3669
Telephone: 601-853-1911
Facsimile: 601-853-8284
E-mail: wwilliams@markowwalker.com
E-mail: cvirden@markowwalker.com
*Counsel for Coliant Solutions, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Pleading was

this day forwarded to all counsel of record by depositing a copy of same via:

| | | | |
|---|---|---|---|
| ☐ | United States Mail | ☐ | Certified Mail |
| ☐ | Facsimile | ☐ | Hand Delivery |
| ☐ | Email | ☐ | Overnight Mail |
| ☒ | ECF System | | |

THIS the 4th day of March, 2021.

H. Wesley Williams, III

IN THE CIRCUIT COURT OF
FORREST COUNTY, MISSISSIPPI

**Diane Roberts,**

Plaintiff

v.

**Coliant Solutions, Inc., Mark Beard,
and John Does 1 through 5,
Individually, Jointly and Severally,**

Defendant

Cause No. 18CI1:20-cv-132

**Notice of Service**

NOTICE is hereby given, pursuant to Mississippi Rules of Civil Procedure, that the Defendant, Coliant Solutions, Inc. has this date served the following:

*Coliant Solutions, Inc.'s First Interrogatories and Requests for Production of Documents to Plaintiff*

The undersigned retains the original of the above as custodian thereof.

Respectfully submitted, this the 5th day of March, 2021.

H. Wesley Williams, III

H. Wesley Williams, III
MS Bar No. 9320
Cecelia Virden
MS Bar No. 105199
Markow Walker, PA
Post Office Box 13669
Jackson, MS 39236-3669
Telephone: 601-853-1911
Facsimile: 601-853-8284
E-mail: wwilliams@markowwalker.com
E-mail: cvirden@markowwalker.com
*Counsel for Coliant Solutions, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Pleading was

this day forwarded to all counsel of record by depositing a copy of same via:

| | | |
|---|---|---|
| ☐ United States Mail | ☐ Certified Mail | |
| ☐ Facsimile | ☐ Hand Delivery | |
| ☐ Email | ☐ Overnight Mail | |
| ☒ ECF System | | |

THIS the <u>5th</u> day of <u>March</u>, 2021.

H. Wesley Williams, III

# IN THE CIRCUIT COURT OF
## FORREST COUNTY, MISSISSIPPI

| | |
|---|---|
| **Diane Roberts,** | Cause No. 18CI1:20-cv-132 |
| Plaintiff | |
| v. | **Notice of Service** |
| **Coliant Solutions, Inc., Mark Beard,** **and John Does 1 through 5,** **Individually, Jointly and Severally,** | |
| Defendant | |

NOTICE is hereby given, pursuant to Mississippi Rules of Civil Procedure,

that the Defendant, Coliant Solutions, Inc. has this date served the following:

*Coliant Solutions, Inc.'s First Interrogatories and Requests for Production of Documents to Plaintiff*

The undersigned retains the original of the above as custodian thereof.

Respectfully submitted, this the 5th day of March, 2021.

H. Wesley Williams, III

IN THE CIRCUIT COURT OF
FORREST COUNTY, MISSISSIPPI


Diane Roberts,                                     Cause No. 18CI1:20-cv-132

                 Plaintiff

    v.                                         **Request for Civil Subpoena Duces**
                                         **Tecum**

**Coliant Solutions, Inc., Mark Beard,**
**and John Does 1 through 5,**
**Individually, Jointly and Severally,**

                 Defendant


To:  Gwen Wilks
     Circuit Court Clerk
     P.O. Box 992
     Hattiesburg, MS 39403

     **YOU ARE REQUESTED** to issue the Subpoenas Duces Tecum summoning

the records custodian for the following:

     Wal-Mart Stores East, LP
     Records Custodian
     C T Corporation System
     645 Lakeland East Drive, Suite 101
     Flowood, MS 39232

   To be and appear at the offices of Markow Walker, P.A., 599 599 Highland Colony

Parkway, Suite 100, Ridgeland, Mississippi, 39157,  fifteen days from receipt of the

subpoena, and to produce and bring with him/her the following documents, or in the

alternative, to mail the documents listed below to Markow Walker, P.A., P. O. Box

13669, Jackson, Mississippi 39236-3669, Attention: Wes Williams, Esq.:

H. Wesley Williams, III
MS Bar No. 9320
Cecelia Virden
MS Bar No. 105199
Markow Walker, PA
Post Office Box 13669
Jackson, MS 39236-3669
Telephone: 601-853-1911
Facsimile: 601-853-8284
E-mail: wwilliams@markowwalker.com
E-mail: cvirden@markowwalker.com
*Counsel for Coliant Solutions, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Pleading was

this day forwarded to all counsel of record by depositing a copy of same via:

| | | | |
|---|---|---|---|
| ☐ | United States Mail | ☐ | Certified Mail |
| ☐ | Facsimile | ☐ | Hand Delivery |
| ☐ | Email | ☐ | Overnight Mail |
| ☒ | ECF System | | |

THIS the <u>5th</u> day of <u>March</u>, 2021.

_H. Wesley Williams_

H. Wesley Williams, III

With respect to the accident which occurred on October 1, 2017, involving Walmart employee Diane Roberts, please produce:

- First report of injury of Employer (Form B-3)
- Incident Report
- Written or recorded statements from any witnesses, including Diane Roberts.
- Video recording or footage of the accident.
- Photos of the accident scene or of the Plaintiff.
- Medical certificates from any physician concerning Ms. Roberts' ability to return to work.
- W-2 forms issued to Ms. Roberts for tax years 2014 to 2020.
- Attendance records from 10/1/2017 to the present.
- Records showing the company that installed, maintained, or repaired the camera that allegedly struck Ms. Roberts in the head.
- Documents reflecting the scope of work of any company installing, maintaining, or repairing any security cameras in the Walmart store where this accident occurred on or about October 1, 2017.
- Personnel file of Diane Roberts, including but not limited to documents pertaining to her hiring, firing, promotion or demotion.
- Drug or alcohol testing performed on Ms. Roberts on or about October 1, 2017.

    Respectfully submitted, this the 12th day of March, 2021.

H. Wesley Williams, III

H. Wesley Williams, III
MS Bar No. 9320
Cecelia Virden
MS Bar No. 105199
Markow Walker, PA
Post Office Box 13669
Jackson, MS 39236-3669
Telephone: 601-853-1911
Facsimile: 601-853-8284
E-mail: wwilliams@markowwalker.com
E-mail: cvirden@markowwalker.com
*Counsel for Coliant Solutions, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Pleading was

this day forwarded to all counsel of record by depositing a copy of same via:

| ☐ United States Mail | ☐ Certified Mail |
|---|---|
| ☐ Facsimile | ☐ Hand Delivery |
| ☐ Email | ☐ Overnight Mail |
| ☒ ECF System | |

THIS the 12th day of March, 2021.

H. Wesley Williams, III

IN THE CIRCUIT COURT OF
FORREST COUNTY, MISSISSIPPI

Diane Roberts,                          Cause No. 18CI1:20-cv-132

                    Plaintiff

        v.                              Subpoena Duces Tecum

Coliant Solutions, Inc., Mark
Beard, and John Does 1
through 5, Individually,
Jointly and Severally,

                    Defendant

STATE OF MISSISSIPPI

COUNTY OF <u>FORREST</u>

To:   Any Person Authorized by Statute to Serve Process-
      Greetings:

      We Command You to Summon:

      Wal-Mart Stores East, LP
      Records Custodian
      C T Corporation System
      645 Lakeland East Drive, Suite 101
      Flowood, MS 39232

   Pursuant to Rule 45(b)(2) of the Mississippi Rules of Civil Procedure, to be and

appear at the offices of counsel for the defendants Markow Walker, P.A., 599 599

Highland Colony Parkway, Suite 100, Ridgeland, Mississippi, 39157,  fifteen(15) days

from service of the subpoena, and to produce with him/her the following documents,

1

or in the alternative, to mail the documents listed below to Markow Walker, P.A., P.
O. Box 13669, Jackson, Mississippi 39236-3669, Attention: Wes Williams, Esq.:

With respect to the accident which occurred on October 1, 2017, involving
Walmart employee Diane Roberts, please produce:

- First report of injury of Employer (Form B-3)

- Incident Report

- Written or recorded statements from any witnesses, including Diane Roberts.

- Video recording or footage of the accident.

- Photos of the accident scene or of the Plaintiff.

- Medical certificates from any physician concerning Ms. Roberts' ability to
  return to work.

- W-2 forms issued to Ms. Roberts for tax years 2014 to 2020.

- Attendance records from 10/1/2017 to the present.

- Records showing the company that installed, maintained, or repaired the
  camera that allegedly struck Ms. Roberts in the head.

- Documents reflecting the scope of work of any company installing,
  maintaining, or repairing any security cameras in the Walmart store where
  this accident occurred on or about October 1, 2017.

- Personnel file of Diane Roberts, including but not limited to documents
  pertaining to her hiring, firing, promotion or demotion.

- Drug or alcohol testing performed on Ms. Roberts on or about October 1,
  2017.

Please issue this Subpoena immediately.

GWEN WILKS
CIRCUIT COURT CLERK


By:_____
    DEPUTY CLERK

IN THE CIRCUIT COURT OF
FORREST COUNTY, MISSISSIPPI


**Diane Roberts,**                         Cause No. 18CI1:20-cv-132

Plaintiff

v.                                  **Proof of Services**

**Coliant Solutions, Inc., Mark
Beard, and John Does 1
through 5, Individually,
Jointly and Severally,**

Defendant


To:   Wal-Mart Stores East, LP
      Records Custodian
      C T Corporation System
      645 Lakeland East Drive, Suite 101
      Flowood, MS 39232


I, the undersigned process server, do hereby certify that I have delivered the

above and foregoing Subpoena Duces Tecum by personally serving a copy of same

upon _____.


This the ____ day of _____, 2021.


BY:_____
        Process Server


4

IN THE CIRCUIT COURT OF
FORREST COUNTY, MISSISSIPPI

| | |
|---|---|
| **Diane Roberts,** | Cause No. 18CI1:20-cv-132 |
| Plaintiff | |
| v. | **Subpoena Duces Tecum** |
| **Coliant Solutions, Inc., Mark Beard, and John Does 1 through 5, Individually, Jointly and Severally,** | |
| Defendant | |

STATE OF MISSISSIPPI

COUNTY OF <u>FORREST</u>

To:   Any Person Authorized by Statute to Serve Process-
Greetings:

We Command You to Summon:

Wal-Mart Stores East, LP
Records Custodian
C T Corporation System
645 Lakeland East Drive, Suite 101
Flowood, MS 39232

Pursuant to Rule 45(b)(2) of the Mississippi Rules of Civil Procedure, to be and

appear at the offices of counsel for the defendants Markow Walker, P.A., 599 599

Highland Colony Parkway, Suite 100, Ridgeland, Mississippi, 39157, fifteen(15) days

from service of the subpoena, and to produce with him/her the following documents,

or in the alternative, to mail the documents listed below to Markow Walker, P.A., P.

O. Box 13669, Jackson, Mississippi 39236-3669, Attention: Wes Williams, Esq.:

With respect to the accident which occurred on October 1, 2017, involving

Walmart employee Diane Roberts, please produce:

- First report of injury of Employer (Form B-3)

- Incident Report

- Written or recorded statements from any witnesses, including Diane Roberts.

- Video recording or footage of the accident.

- Photos of the accident scene or of the Plaintiff.

- Medical certificates from any physician concerning Ms. Roberts' ability to return to work.

- W-2 forms issued to Ms. Roberts for tax years 2014 to 2020.

- Attendance records from 10/1/2017 to the present.

- Records showing the company that installed, maintained, or repaired the camera that allegedly struck Ms. Roberts in the head.

- Documents reflecting the scope of work of any company installing, maintaining, or repairing any security cameras in the Walmart store where this accident occurred on or about October 1, 2017.

- Personnel file of Diane Roberts, including but not limited to documents pertaining to her hiring, firing, promotion or demotion.

- Drug or alcohol testing performed on Ms. Roberts on or about October 1, 2017.

Case: 18CI1:20-cv-00132     Document #: 15     Filed: 03/15/2021     Page 3 of 4

Please issue this Subpoena immediately.



GWEN WILKS
CIRCUIT COURT CLERK

By: _Chasity Pierre D.c._
DEPUTY CLERK

IN THE CIRCUIT COURT OF
FORREST COUNTY, MISSISSIPPI


**Diane Roberts,**                                    Cause No. 18CI1:20-cv-132

                              Plaintiff

         v.                                           **Proof of Services**


**Coliant Solutions, Inc., Mark
Beard, and John Does 1
through 5, Individually,
Jointly and Severally,**

                              Defendant


To:   Wal-Mart Stores East, LP
      Records Custodian
      C T Corporation System
      645 Lakeland East Drive, Suite 101
      Flowood, MS 39232


      I, the undersigned process server, do hereby certify that I have delivered the

above and foregoing Subpoena Duces Tecum by personally serving a copy of same

upon _____.


      This the ____ day of _____, 2021.


                                   BY:_____
                                         Process Server


4

RETURN

## IN THE CIRCUIT COURT OF
## FORREST COUNTY, MISSISSIPPI


Diane Roberts,                              Cause No. 18CI1:20-cv-132

                        Plaintiff

        v.                                  Subpoena Duces Tecum


Coliant Solutions, Inc., Mark
Beard, and John Does 1
through 5, Individually,
Jointly and Severally,

                        Defendant


STATE OF MISSISSIPPI

COUNTY OF <u>FORREST</u>

To:   Any Person Authorized by Statute to Serve Process-
      Greetings:

      We Command You to Summon:

      Wal-Mart Stores East, LP
      Records Custodian
      C T Corporation System
      645 Lakeland East Drive, Suite 101
      Flowood, MS 39232

Pursuant to Rule 45(b)(2) of the Mississippi Rules of Civil Procedure, to be and

appear at the offices of counsel for the defendants Markow Walker, P.A., 599 599

Highland Colony Parkway, Suite 100, Ridgeland, Mississippi, 39157, fifteen(15) days

from service of the subpoena, and to produce with him/her the following documents,

or in the alternative, to mail the documents listed below to Markow Walker, P.A., P.

O. Box 13669, Jackson, Mississippi 39236-3669, Attention: Wes Williams, Esq.:

With respect to the accident which occurred on October 1, 2017, involving

Walmart employee Diane Roberts, please produce:

- First report of injury of Employer (Form B-3)

- Incident Report

- Written or recorded statements from any witnesses, including Diane Roberts.

- Video recording or footage of the accident.

- Photos of the accident scene or of the Plaintiff.

- Medical certificates from any physician concerning Ms. Roberts' ability to return to work.

- W-2 forms issued to Ms. Roberts for tax years 2014 to 2020.

- Attendance records from 10/1/2017 to the present.

- Records showing the company that installed, maintained, or repaired the camera that allegedly struck Ms. Roberts in the head.

- Documents reflecting the scope of work of any company installing, maintaining, or repairing any security cameras in the Walmart store where this accident occurred on or about October 1, 2017.

- Personnel file of Diane Roberts, including but not limited to documents pertaining to her hiring, firing, promotion or demotion.

- Drug or alcohol testing performed on Ms. Roberts on or about October 1, 2017.

Please issue this Subpoena immediately.



GWEN WILKS
CIRCUIT COURT CLERK

By: _Chasity Pierre D.c._
DEPUTY CLERK

IN THE CIRCUIT COURT OF
FORREST COUNTY, MISSISSIPPI

Diane Roberts,                           Cause No. 18CI1:20-cv-132

                    Plaintiff

        v.                               **Proof of Services**

Coliant Solutions, Inc., Mark
Beard, and John Does 1
through 5, Individually,
Jointly and Severally,

                    Defendant

To:   Wal-Mart Stores East, LP
      Records Custodian
      C T Corporation System
      645 Lakeland East Drive, Suite 101
      Flowood, MS 39232

        I, the undersigned process server, do hereby certify that I have delivered the

above and foregoing Subpoena Duces Tecum by personally serving a copy of same

upon _MATT THIBODEAUX   CT CORPORATION, IN BEHALF OF_
_WAL-MART STORES EAST, LP_

This the _16TH_ day of _MARCH_____, 2021.

                                    BY: _____
                                          Process Server

4

RETURN

## IN THE CIRCUIT COURT OF
## FORREST COUNTY, MISSISSIPPI

Diane Roberts,                          Cause No. 18CI1:20-cv-132

                  Plaintiff

        v.                              Subpoena Duces Tecum

Coliant Solutions, Inc., Mark
Beard, and John Does 1
through 5, Individually,
Jointly and Severally,

                  Defendant

STATE OF MISSISSIPPI

COUNTY OF <u>FORREST</u>

To:   Any Person Authorized by Statute to Serve Process-
      Greetings:

      We Command You to Summon:

      Wal-Mart Stores East, LP
      Records Custodian
      C T Corporation System
      645 Lakeland East Drive, Suite 101
      Flowood, MS 39232

Pursuant to Rule 45(b)(2) of the Mississippi Rules of Civil Procedure, to be and

appear at the offices of counsel for the defendants Markow Walker, P.A., 599 599

Highland Colony Parkway, Suite 100, Ridgeland, Mississippi, 39157, fifteen(15) days

from service of the subpoena, and to produce with him/her the following documents,

1

or in the alternative, to mail the documents listed below to Markow Walker, P.A., P.

O. Box 13669, Jackson, Mississippi 39236-3669, Attention: Wes Williams, Esq.:

With respect to the accident which occurred on October 1, 2017, involving

Walmart employee Diane Roberts, please produce:

- First report of injury of Employer (Form B-3)

- Incident Report

- Written or recorded statements from any witnesses, including Diane Roberts.

- Video recording or footage of the accident.

- Photos of the accident scene or of the Plaintiff.

- Medical certificates from any physician concerning Ms. Roberts' ability to return to work.

- W-2 forms issued to Ms. Roberts for tax years 2014 to 2020.

- Attendance records from 10/1/2017 to the present.

- Records showing the company that installed, maintained, or repaired the camera that allegedly struck Ms. Roberts in the head.

- Documents reflecting the scope of work of any company installing, maintaining, or repairing any security cameras in the Walmart store where this accident occurred on or about October 1, 2017.

- Personnel file of Diane Roberts, including but not limited to documents pertaining to her hiring, firing, promotion or demotion.

- Drug or alcohol testing performed on Ms. Roberts on or about October 1, 2017.

Case: 18CI1:20-cv-00132    Document #: 16    Filed: 03/17/2021    Page 3 of 4

Please issue this Subpoena immediately.



GWEN WILKS
CIRCUIT COURT CLERK

By: _Chasity Pierce D.c._
DEPUTY CLERK

IN THE CIRCUIT COURT OF
FORREST COUNTY, MISSISSIPPI

Diane Roberts,                              Cause No. 18CI1:20-cv-132

                    Plaintiff

        v.                              Proof of Services

Coliant Solutions, Inc., Mark
Beard, and John Does 1
through 5, Individually,
Jointly and Severally,

                    Defendant

To:   Wal-Mart Stores East, LP
      Records Custodian
      C T Corporation System
      645 Lakeland East Drive, Suite 101
      Flowood, MS 39232

        I, the undersigned process server, do hereby certify that I have delivered the

above and foregoing Subpoena Duces Tecum by personally serving a copy of same

upon *MATT THIBODEAUX, CT CORPORATION, IN BEHALF OF WAL-MART STORES EAST, LP*

This the *16TH* day of *MARCH* , 2021.

                                    BY: _____
                                          Process Server

4

## IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

**DIANE ROBERTS**                                                        **PLAINTIFF**

**V.**                                                        **CAUSE NO. 18CI1:20-cv-132**

**COLIANT SOLUTIONS, INC.,**
**MARK BEARD, AND JOHN DOES**
**1 THROUGH 5, INDIVIDUALLY,**
**JOINTLY and SEVERALLY**                                      **DEFENDANTS**

---

### NOTICE OF SERVICE OF RESPONSES TO DEFENDANT COLIANT SOLUTION INC'S FIRST SET OF REQUEST FOR ADMISSIONS

Notice is hereby given, pursuant to the local rules, that Plaintiff, Diane Roberts, has this date served in the above entitled action Plaintiff's Responses to Defendant Coliant Solution Inc's First Set of Request for Admissions.

The undersigned retains the originals of the above papers as custodian thereof pursuant to the local rules.

This the 2nd day of April, 2021.

Respectfully Submitted,

DIANE ROBERTS, PLAINITFF

BY:     */s/Willie T. Abston*
        Willie T. Abston (MS Bar No. 9935)

Of Counsel:

WILLIE T. ABSTON, LLC
Post Office Box 320727
Flowood, MS  39232
Tel.: (601)487-8839
Fax: (601)487-8667
Email:  willie.abston@abstonlaw.com
*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I, Willie T. Abston, do hereby certify that I have this day electronically filed the foregoing Notice of Service with the Clerk of Court using MEC system, which sent notification of such filing to:

H. Wesley Williams, III, Esq.
Cecelia Virden, Esq.
Markow Walker, PA
Post Office Box 13669
Jackson, MS 39236-3669
*Counsels for Coliant Solutions, Inc.*

This the 2nd day of April, 2021.

/s/Willie T. Abston
Willie T. Abston